IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE ROSS     :   CIVIL ACTION
          :
    v.     :
          :
LEHIGH COUNTY DISTRICT   :
ATTORNEY'S OFFICE, et al.  :  NO. 07-2329

MEMORANDUM

Bartle, C.J.         December 15, 2008

   Before the court is the motion of defendants for
summary judgment.

   Plaintiff George Ross, acting pro se, has sued
defendants for damages and injunctive relief under 42 U.S.C.
§ 1983.  While his complaint is not a model of clarity, he
claims, among other things, that his civil rights were violated
"through continuous, deliberate and knowing refusal to release
the biological evidence for DNA testing that would exonerate
plaintiff" in connection with his two rape convictions in 1979 in
the Court of Common Pleas of Lehigh County, Pennsylvania.  He
also claims that he should have been granted a severance for his
two rape charges and that "an identification statement" should
have been suppressed.

   Plaintiff's convictions were upheld on appeal long ago,
and he has been denied relief under the Pennsylvania Post
Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541-46, as
well as under 28 U.S.C. § 2254 in this court.  See Ross v.

Vaughn, Civ. A. No. 00-4902, 2001 WL 818359 (E.D. Pa. Jul. 16, 2001).

Defendants contend they are entitled to summary judgment under Heck v. Humphrey, 512 U.S. 477 (1994).  There the Supreme Court held that a state prisoner cannot challenge the constitutionality of his conviction through an action under § 1983.  The Court explained that a party cannot maintain a civil rights action if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.  Thus, until a prisoner's state court conviction has been reversed, expunged or invalidated or habeas corpus relief has been granted, he has no cause of action under § 1983.

Here, plaintiff seeks damages in the event that the government has destroyed the DNA evidence and medical records at issue.  Any award of money damages for destruction of evidence, however, would necessarily imply the invalidity of plaintiff's convictions.  It is undisputed that those convictions have not been invalidated.  Plaintiff's claim for damages is therefore barred by Heck.  See Penley v. Collin County, Texas, 446 F.3d 572, 573 (2006).

In any event, plaintiff's claims, to the extent that Heck does not preclude them, are barred by the two-year statute of limitations for § 1983 actions brought in a federal forum in Pennsylvania.  42 U.S.C. § 1988; Owens v. Okure, 488 U.S. 235,

-2-

239-40 (1989).  The Complaint was filed on June 8, 2007.
Plaintiff's claim for production of DNA evidence under the
federal constitution arose no later than 2001, when federal
courts first recognized that right.  See, e.g., Godschalk v.
Montgomery County Dist. Attorney's Office, 177 F. Supp. 2d 366,
370 (2001).  Plaintiff's other claims, in which he alleges trial-
court error and seeks production of medical records, arose many
years earlier.   See Ross v. Vaughn, 2001 WL 818359, at *1.

          Defendants pursue additional arguments in support of
their motion for summary judgment.  However, in light of the
above analysis, we need not reach these arguments.

          Accordingly, we will grant the motion of defendants for
summary judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE ROSS                    :        CIVIL ACTION
                               :
            v.                 :
                               :
LEHIGH COUNTY DISTRICT         :
ATTORNEY'S OFFICE, et al.      :        NO. 07-2329

ORDER

AND NOW, this 15th day of December, 2008, it is hereby
ORDERED that:

(1) the motion for summary judgment of defendants
Lehigh County District Attorney's Office, James B. Martin,
District Attorney, Adra Renee Smith, Assistant District Attorney,
defendant's predecessors and successors individually and in their
official capacity is GRANTED; and

(2) judgment is entered in favor of defendants Lehigh
County District Attorney's Office, James B. Martin, District
Attorney, Adra Renee Smith, Assistant District Attorney,
defendant's predecessors and successors individually and in their
official capacity and against plaintiff George Ross.

BY THE COURT:


/s/ Harvey Bartle III
                                              C.J.